# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-16-RJC

| | |
|---|---|
| EUGENE MATTHEWS-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DEPT. OF CORR. LANESBORO, ) | |
| FNU MIMS, FNU COVINGTON, ) | |
| FNU WALL, FNU KING, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the court on the following motions filed by Plaintiff: Motion to Proceed in forma pauperis, (Doc. No. 2); Motion for Production/Discovery of Documents, (Doc. No. 3); Motion for Preliminary Injunctive Compensatory/Punitive Damages, (Doc. No. 4); and Motion for Order to Compel Discovery and Subpoena of Documentation, (Doc. No. 11).

First, with regard to Plaintiff's Motion to Proceed in forma pauperis, the Court has entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 9). Therefore, Plaintiff's motion to proceed in forma pauperis, (Doc. No. 2), shall be granted.

As for Plaintiff's motion for production/discovery of documents, (Doc. No. 3), and his motion for order to compel discovery and subpoena of documentation, (Doc. No. 4), the Court will deny these motions, as the time for discovery has not commenced.

Finally, with regard to Plaintiff's motion for preliminary injunctive compensatory/ punitive damages, (Doc. No. 11), this motion will be denied as premature. Plaintiff is not

entitled to any damages until he has proven that Defendants are liable to him on the claims he alleges in the Complaint.[1]

**IT IS THEREFORE** ordered that:

1. Plaintiff's motion to proceed in forma pauperis, (Doc. No. 2), is **GRANTED**.

2. Plaintiff's motion for production/discovery of documents, (Doc. No. 3), is **DENIED**.

3. Plaintiff's motion for preliminary injunctive compensatory/punitive damages, (Doc. No. 4), is **DENIED**; and

4. Plaintiff's motion for order to compel discovery and subpoena of documentation, (Doc. No. 11), is **DENIED**.

5. The Court notes that Plaintiff has identified at least 21 potential Defendants in his pro se Complaint. The Clerk is directed to mail 21 summons forms to Plaintiff for Plaintiff to fill out and identify the named defendants in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant, as well as each Defendant's address, to the best of Plaintiff's ability. Once the Court receives the summonses from Plaintiff, the Court will then direct the U.S. Marshal to effectuate service upon the named Defendants.

---

[1] Although Plaintiff employs the term "preliminary injunctive" in his motion, his motion is one for "preliminary" damages rather than one for an injunction. Thus, the Court need not conduct a typical preliminary injunction analysis.

Signed: March 12, 2012

*Robert J. Conrad, Jr.* (signature)

Robert J. Conrad, Jr.
Chief United States District Judge