UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-16-RJC

| | |
|---|---|
| EUGENE MATTHEWS-EL, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| DEPARTMENT OF CORRECTION AT LANESBORO et al. | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on a Motion for Judgment on the Pleadings by Defendants Department of Correction at Lanesboro, Miranda Mims, Andrea Covington, Jeffrey Wall, Terry Wyatt, Deray Kirby, Toby Knight, Jennifer Cole, Kristopher Kiker, Robert Lewis, and Alvin Keller, Jr., (Doc. No. 37); Plaintiff's "Motion for Re-enstatement of Claim, Separable Controversies Splitting Causes of Action," (Doc. No. 32); Plaintiff's Motion to Amend, (Doc. No. 34); Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion for Judgment on the Pleadings, (Doc. No. 42); and Plaintiff's "Motion for Appointment of Asistants [sic] of Counsel and Funding for A Private Investigator," (Doc. No. 43).

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a North Carolina inmate, has brought claims under 42 U.S.C. § 1983 against at least twenty-one potential Defendants. (Doc. No. 1 at 3). In the Complaint, Plaintiff fails to allege factual allegations of specific incidents to support his claim against Defendants. (Doc. No. 1 at 5). Plaintiff identifies a "main incident" that he alleges occurred on December 13, 2008, but he does not describe what the "incident" was. The attached Administrative Remedy

Procedure reports and Plaintiff's Letter to Amend indicate that Plaintiff appears to base his Complaint on two incidents–a December 7, 2008, move to segregation, and a December 12, 2008, incident in which another inmate assaulted Plaintiff, leaving Plaintiff traumatized and with emotional injuries. (Id. at 5, 7-15; Doc. No. 34 at 1). Plaintiff also alleges he "was falsely imprisoned from the very beginning leading up to the main incident." (Doc. No. 1 at 5). Plaintiff appears to be bringing claims for false arrest, false imprisonment, excessive force, assault and battery, and medical negligence. (Id. at 2). Plaintiff is seeking compensatory and punitive damages for his pain and suffering in the amount of $1.7 million. (Id. at 6). Significantly, each of the incidents complained of in Plaintiff's Complaint occurred on or before December 13, 2008, and Plaintiff filed his Complaint on January 11, 2012. (Id. at 1).

## II.     STANDARD OF REVIEW

Defendants have filed their motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Courts review a motion for judgment on the pleadings brought pursuant to Rule 12(c) under the same standard as a motion to dismiss made pursuant to Rule 12(b). Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002).

On a motion to dismiss, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must

"articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. 662 at 678).

## III.  DISCUSSION

First, as for Plaintiff's motion for appointment of counsel and funding for a private investigator, the Court denies these motions.  Plaintiff has simply not presented the extraordinary circumstances required in order to receive appointment of counsel in a Section 1983 case, nor has he shown that he needs funds for a private investigator.  See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).  The Court will also deny Plaintiff's motion for extension of time in which to file a response to the motion for judgment on the pleadings.   Plaintiff did not file his motion for extension of time until after the deadline to respond to Defendants' motion for judgment on the pleadings had already expired, and he has not shown excusable neglect for failing to file the motion before the response deadline.  See FED. R. CIV. P. 6(b)(1)(B).  Finally, the Court denies as moot and as non-justiciable Plaintiff's "Motion for Re-enstatement of Claim, Separable Controversies Splitting Causes of Action."

In their motion and supporting memorandum, Defendants contend that each of Plaintiff's claims is barred by the applicable statute of limitations.  The Court agrees.  Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the personal injury statute of limitations from the relevant state.  Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). In North Carolina, the statute of limitations for personal injuries is three years.  See N.C. GEN. STAT. § 1-52(16).  Under N.C. GEN. STAT. § 1-52(13), the statute of limitations for claims against public officers acting under color of office is also three years.

Although the statutory limitations period for Section 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

As Defendants note, Plaintiff's Complaint does not refer to any incidents that occurred on or after December 13, 2008. (Doc. No. 1 at 5). Plaintiff did not file his Complaint in this action until more than three years later, on January 11, 2012. (Id. at 1). Therefore, Plaintiff's claims are barred by the applicable three-year statute of limitations.

Finally, the Court notes that Plaintiff filed a motion to amend his Complaint on October 22, 2012, before Defendants filed their motion for judgment on the pleadings. In the motion to amend, Plaintiff again refers to December 12 and 13, 2008, as the latest dates when his causes of action could have accrued. See (Doc. No. 34 at 1; 10; 11). While leave to amend should be freely given when justice so requires, FED. R. CIV. P. 15(a)(2), the Court has discretion to deny a motion to amend when, among other reasons, an amendment would be futile. Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir.2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)). A cause of action barred by an applicable statute of limitations is futile and

4

therefore an amendment based on an untimely cause of action can be denied. See Keller v. Prince George's Cnty., 923 F.2d 30, 33 (4th Cir. 1991).

Because allowing Plaintiff to amend the Complaint would be futile since his claims would still be time-barred, the Court denies the motion to amend.

**IV. CONCLUSION**

In sum, for the reasons stated herein, the Court dismisses Plaintiff's claims as barred by the applicable statute of limitations, and the Court grants Defendants' motion for judgment on the pleadings.[1]

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion for Judgment on the Pleadings, (Doc. No. 37), is **GRANTED**, and this action is dismissed with prejudice;

2. Plaintiff's "Motion for Re-enstatement of Claim, Separable Controversies Splitting Causes of Action," (Doc. No. 32), is **DENIED**;

3. Plaintiff's Motion to Amend, (Doc. No. 34), is **DENIED**;

4. Plaintiff's Motion for Extension of Time, (Doc. No. 42), is **DENIED**; and

5. Plaintiff's "Motion for Appointment of Asistants [sic] of Counsel and Funding for A Private Investigator," (Doc. No. 43), is **DENIED**.

6. The Clerk is directed to terminate this case.

---

[1] Defendants also contend that Plaintiff's action is barred for Plaintiff's failure to exhaust his administrative remedies. Because the Court finds that Plaintiff's claims must be dismissed as barred by the applicable statute of limitations, the Court does not address Defendants' alternative argument regarding exhaustion of administrative remedies.

5

Signed: January 14, 2013

*Robert J. Conrad, Jr.* (signature)

Robert J. Conrad, Jr.
Chief United States District Judge

6