UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-16-RJC

| | |
|---|---|
| EUGENE MATTHEWS-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DEPT. OF CORRECTION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion for Recusal and Recall Judgment by pro se Plaintiff Eugene Matthews-El. (Doc. No. 46).

On January 11, 2012, Plaintiff, a North Carolina inmate, filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, bringing claims against at least twenty-one potential Defendants. (Doc. No. 1 at 3). Plaintiff's purported claims arose from two incidents–a December 7, 2008, move to segregation, and a December 12, 2008, incident in which another inmate assaulted Plaintiff, leaving Plaintiff traumatized and with emotional injuries. (Id. at 5, 7-15; Doc. No. 34 at 1). In an Order dated January 14, 2013, this Court dismissed all of Plaintiff's claims as barred by the applicable three-year statute of limitations.

On February 11, 2013, Plaintiff filed the pending "Motion for Recusal and Recall Judgment," which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

In support of his motion, Plaintiff merely restates the allegations in his original Complaint. He also contends that he is a "political prisoner," and he fails to address the statute of limitations bar on which the dismissal was based, except to contend that Defendants unfairly used the time-bar to take "total advantage" of him. See (Doc. No. 46 at 3). Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Recusal and Recall Judgment, (Doc. No. 46), is **DENIED**.

Signed: July 9, 2013

Robert J. Conrad, Jr.
United States District Judge